LEMUEL COUNCE, petitioner for partition, *vs.* JOHN R. STUDLEY.

Knox.    Opinion March 24, 1883.

*Partition of real estate.   Description.   Amendment.   Practice.*

A lot of land, the south line of which is described in a petition for partition as running from a certain point at the north east corner of C's lot, thence westerly by said C's north line two hundred and five rods and fifteen links, to land of another party, is not legally identical with a lot the south line of which beginning at the same point, at the north east corner of C's lot, thence runs westerly by C's north line one hundred and nine rods to land owned by said C, thence north easterly by said C's land, a certain distance exceeding two rods and fifteen links at right angles with said C's north line and thence westerly again by said C's north line to the bounds mentioned in the petition; and under an interlocutory judgment authorizing partition of the lot as described in the petition a report of commissioners describing the lot as thus bounded on the south cannot be accepted.

In such a case where there is no controversy as to the petitioner's right to the proportion which he claims of the lot however bounded, while the report must be rejected the case will still be before the court at *nisi prius* and the order for interlocutory judgment may be stricken off, the petition amended on such terms as the judge presiding thinks proper under R. S., c. 82, § 9, so as to describe the lot correctly and an interlocutory judgment given for the partition of the lot as it actually exists, and a new warrant for partition issued.

ON EXCEPTIONS.

Petition for partition, dated September 15, 1880, in which the petitioner alleged "that he is the owner in fee simple of nine undivided tenth parts of the following described real estate situate in Warren, in said county of Knox, bounded and described as follows, viz: beginning at the westerly shore of North Pond, and at the northeast corner of Edwin Cushing's lot; thence westerly by said Cushing's north line two hundred and five rods and fifteen links to the south west corner of the home farm of the late Benjamin Gerrish, and at land formerly owned by Daniel Newcomb, deceased; thence north twenty-six and a half degrees east eighteen rods to stake and stones; thence south sixty-three and one-half degrees parallel with said Cushing's north line, about two hundred and thirty rods,

to said North Pond; thence southerly by said pond, being twenty-two rods at right angles to the first bounds, containing twenty-seven acres and eighty-five square rods."

Judgment for partition was given and commissioners were appointed, who made the following report:

(Commissioners' report.)

"Pursuant to the annexed warrant, we, the undersigned commissioners, having given the parties due notice of the time and place of hearing, and having been sworn according to law, and heard the wishes of the parties interested therein, do make this partition and assignment as follows, to wit: we set off and assign to the said Lemuel Counce, of Warren, in said county of Knox, to hold in severalty the following described real estate bounded and described as follows, viz: beginning at the westerly shore of North Pond, two rods and fifteen links northeasterly from the north east corner of Edwin Cushing's lot, at right angles with said Cushing's north line; thence westerly parallel with said Cushing's north line one hundred and nine rods, to land owned by said Cushing; thence north easterly partly by said Cushing's land four rods at right angles with said Cushing's north line; thence westerly parallel with said Cushing's north line ninety-six rods to land formerly owned by Daniel Newcomb, deceased; thence north twenty-six and a half degrees east, fifteen rods and ten links to stake and stones; thence south sixty-three and one-half degrees east about two hundred and thirty rods by land set off to the heirs of the late Benjamin Gerrish, being land owned and occupied by said Counce, to said North Pond; thence southerly by said North Pond to the first bounds, and the residue of the land described in the foregoing warrant, being that part thereof lying between the part by us set off and assigned as aforesaid to the said Counce, and the land of the said Edwin Cushing, we do hereby assign to the said John R. Studley.

(Signed.)        John U. Cutting,  
        ·        Miles Davis,        } Commissioners."  
                 Robert Hull,

The respondent filed written objections to the acceptance of the report and moved to dismiss the petition. This motion was overruled and the report of the commissioners accepted and the partition decreed and the respondent alleged exceptions. The material facts stated in the exceptions appear in the opinion.

*A. P. Gould*, for the plaintiff.

*J. H. H. Hewett and C. E. Littlefield*, for the defendant.

BARROWS, J. The description in the petition of the parcel of land of which partition is sought in this process appears to be sufficiently definite; but if the report of the commissioners appointed to make partition be accurate in its description of the lot as they found it (and this does not seem to be disputed) then the description in the petition is *incorrect*; and the commissioners have divided a lot which does not conform to that described in the petition. According to the call in the petition, the south line of the lot in question should be a straight line two hundred and five rods and fifteen links in length, beginning at the westerly shore of North Pond at the north east corner of Edwin Cushing's lot and running westerly (which means west, *Brandt* v. *Ogden*, 1 Johns. 158; 2 Washburn's R. E. 1st ed. 631,) by said Cushing's north line to the south west corner of the home farm of the late Benjamin Gerrish and at land formerly owned by Daniel Newcomb, deceased. But it appears by the commissioners' report and the statement in the exceptions that Cushing's north line was not a continuous westerly line from the point begun at to the southwest corner of the Gerrish farm, but that there was a jog in it running north easterly at right angles with its general course, somewhat more than two rods and fifteen links; so that after running westerly a distance of one hundred and nine rods upon a line parallel with Cushing's north line and distant two rods and fifteen links at right angles therefrom at the point of beginning the commissioners came to land of said Cushing and thence ran " *north easterly partly by said Cushing's land, four rods at right angles with said Cushing's line,*" in order to

make the division line between the parties, and again westerly and parallel with Cushing's line ninety-six rods to reach the land formerly owned by Daniel Newcomb, deceased. One of the consequences is, that as the land south of the division line thus established was assigned to the respondent he has his portion in two pieces, to one of which he can have no access except on the land assigned to the petitioner, or land belonging to third persons and the report of the commissioners provides no way by which he can reach this strip. That this would always be a grave objection to the acceptance of a report, especially where the omission of all mention of the fact by the commissioners would seem to indicate that their attention had not been called to it as affecting the value of the parcel so situated, cannot be doubted. Whether it is an objection which is necessarily fatal, or whether it is one which is addressed to the discretion of the judge who hears the case at nisi prius, and is not the subject of exceptions, we have no occasion now to decide. The report cannot be accepted on account of the error in the description of the lots partition of which was ordered. Inasmuch, however, as there appears to be no controversy as to the petitioner's ownership of the share which he claims in the lot, however the same may be bounded, and as the case will still be before the court at nisi prius, we see no reason why the order for an interlocutory judgment may not be stricken off, the petition amended so as to describe the lot correctly, and a new warrant issued. The case differs herein from *Swanton* v. *Crooker*, 52 Maine, 415, where the petitioner's title was disputed and might depend upon the description given.

There is nothing before us to justify the respondent's motion to dismiss; but so far as the order at nisi prius included the acceptance of the report, and the confirmation of the partition,

*The exceptions are sustained.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.